NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1866
_____

UNITED STATES OF AMERICA

v.

GREGORIO GARCIA,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 1-09-cr-00380-004
District Judge: The Honorable Christopher C. Conner


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 22, 2013

Before: McKEE, *Chief Judge,* SMITH, and GREENAWAY, JR., *Circuit Judges*


(Opinion Filed:  March 28, 2013)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Gregorio  Garcia  pleaded  guilty  in  accordance  with  a  conditional  plea

agreement  to  conspiring  to  possess  with  the  intent  to  distribute  at  least  100

kilograms of marijuana in violation of 21 U.S.C. § 846. The conditional plea agreement preserved Garcia's right to challenge the denial of his motion to suppress certain statements. The United States District Court for the Middle District of Pennsylvania sentenced Garcia to 108 months of imprisonment. This timely appeal followed, challenging the District Court's denial of Garcia's motion to suppress.[1] We will affirm.

On September 9, 2009, Drug Enforcement Agent Keith Kierzkowski, Franklin County Detective Jayson Taylor, and several other local law enforcement agents executed a search warrant at the home of Garcia's brother-in-law Ricardo Preciado-Rodriguez. Garcia, his mother, and his girlfriend, Brittany Martin, arrived at his sister's home as the search was almost finished. When Garcia entered the home, Kierzkowski recognized him as an individual involved in narcotics trafficking. Kierzkowski and Taylor asked Garcia if they could talk with him, Garcia agreed, and the three men went up a flight of stairs to a landing. Kierzkowski advised Garcia that he was not under arrest, but that he knew Garcia was involved in drug trafficking. Kierzkowski and Taylor did not advise Garcia of his *Miranda*[2] rights, however, because neither of them considered Garcia to be in

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291.

[2] *See Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966).

custody. Garcia admitted his involvement in certain unlawful conduct, including transporting marijuana from Winchester, Virginia, to Chambersburg, Pennsylvania. At the conclusion of their discussion, the men came downstairs and by Garcia's account, Garcia went outside with Martin and remained there until the law enforcement agents left. A week later, on September 16, 2009, Garcia was arrested. After receiving his *Miranda* warnings, Garcia again spoke with the law enforcement agents about his involvement in drug trafficking.

Thereafter, an indictment charged Garcia with violating 21 U.S.C. §§ 841 and 846. Garcia sought to suppress the statements he uttered on September 9 to Kierzkowski and Taylor, contending that he was in custody at the time and had not been given *Miranda* warnings. *See Dickerson v. United States*, 530 U.S. 427, 443-44 (2000) (declining to overrule *Miranda* and reaffirming that "unwarned statements [given during custodial interrogation] may not be used as evidence in the prosecution's case in chief"). According to Garcia, the circumstances demonstrated that he was not free to leave the interrogation. He noted that Kierzkowski and Taylor, who were in "full police 'raid' gear," separated him from the other individuals in the house by grabbing his arm and directing him up a staircase to a landing. He claimed that he was never advised that he was free to leave. He argued that the interrogation was lengthy and coercive, as evidenced by the detailed DEA-6 form completed by Kierzkowski, reflecting the contents of

Garcia's conversation with the agents. Garcia also moved to suppress his statements on September 16 as fruit of the poisonous tree. *See Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963).

After a hearing, which presented conflicting testimony by Kierzkowski, Taylor, Garcia, and Martin, the District Court credited the testimony of Kierzkowski and Taylor. The Court recognized that advising a suspect of his culpability is a factor that tends to support the custodial nature of questioning. *See United States v. Jacobs*, 431 F.3d 99, 105 (3d Cir. 2005). Nonetheless, the Court concluded that all of the other circumstances weighed in favor of finding that Garcia was not in custody when questioned on September 9. It specifically noted that there was no display of firearms. Indeed, Garcia testified that he "never took notice" if Kierzkowski and Taylor had firearms. The Court also found that there were no threats or violence against Garcia and that Garcia felt free to leave the house with Martin after speaking with Kierzkowski and Taylor. Having determined that the questioning did not occur in a custodial setting, the Court concluded that *Miranda* warnings were not required and denied the motion to suppress.

"On appeal from the denial of a motion to suppress, we review a district court's factual findings for clear error, and we exercise *de novo* review over its application of the law to those factual findings." *United States v. Pavulak*, 700

4

F.3d 651, 660 (3d Cir. 2012). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985). This is particularly true "[w]hen findings are based on determinations regarding the credibility of witnesses . . . for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." *Id.* at 575.

After reviewing the record, which contains evidence to support the District Court's factual findings, we conclude that the District Court did not err in its determination that Garcia was not in custody and that *Miranda* warnings were not required. Accordingly, there was no basis for suppressing Garcia's statements. We will affirm the judgment of the District Court.